IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAGSIL CORPORATION and MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. _____ |
| SEAGATE TECHNOLOGY, SEAGATE US LLC, SEAGATE TECHNOLOGY LLC, MAXTOR CORPORATION, WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA INC., HITACHI LTD., HITACHI GLOBAL STORAGE TECHNOLOGIES, INC., HITACHI AMERICA, LTD, HITACHI DATA SYSTEMS CORPORATION, TOSHIBA AMERICA, INC., TOSHIBA AMERICA INFORMATION SYSTEMS, INC., EXCELSTOR TECHNOLOGY, INC., TDK U.S.A. CORPORATION, TDK CORPORATION OF AMERICA, HEADWAY TECHNOLOGY, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendants. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs MagSil Corporation ("MagSil") and Massachusetts Institute of Technology ("M.I.T.") (collectively, "Plaintiffs") file this Complaint for infringement of U.S. Patent Nos. 5,629,922 ("the '922 Patent") and 5,835,314 ("the '314 Patent") (collectively, "the Patents-in-Suit") against Seagate Technology, Seagate US LLC, Seagate Technology LLC, Maxtor Corporation, Western Digital Corporation, Western Digital Technologies, Inc., Samsung Electronics Co., Ltd., Samsung Electronics America Inc., Hitachi Ltd., Hitachi Global Storage Technologies, Inc., Hitachi America, Ltd., Hitachi Data Systems Corporation, Toshiba America,

Inc., Toshiba America Information Systems, Inc., ExcelStor Technology, Inc., TDK U.S.A. Corporation, TDK Corporation of America, and Headway Technology, Inc. (collectively "Defendants").

## THE PARTIES

1. Plaintiff MagSil is a California corporation with its principal place of business at 3218 Scott Blvd., Santa Clara, California. MagSil is a developer of magnetic memory technology and the exclusive licensee of the intellectual property rights at issue herein.

2. Plaintiff M.I.T. is a Massachusetts corporation with its principal place of business at 77 Massachusetts Ave, Cambridge, Massachusetts. M.I.T. is the owner of the intellectual property rights at issue herein.

3. Upon information and belief, Defendant Seagate Technology, is, and at all relevant times mentioned herein was a corporation organized and existing under the laws of the Cayman Islands, with its principal place of business in George Town, Grand Cayman, Cayman Islands. Seagate Technology makes, sells, and/or offers for sale a variety of products, including hard disk drives and components thereof, for consumers in the United States including in the District of Delaware.

4. Upon information and belief, Defendant Seagate US LLC, is, and at all relevant times mentioned herein was, a Delaware limited liability company with its principal place of business at 920 Disc Drive, Scotts Valley, California. Seagate US LLC makes, sells, and/or offers for sale a variety of products, including hard disk drives and components thereof, for consumers in the United States including in the District of Delaware. Seagate US LLC has designated as its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5. Upon information and belief, Defendant Seagate Technology LLC, is, and at all relevant times mentioned herein was, a Delaware limited liability company with its principal place of business at 920 Disc Drive, Scotts Valley, California. Seagate Technology LLC makes, sells, and/or offers for sale a variety of products, including hard disk drives and components thereof, for consumers in the United States including in the District of Delaware. Seagate Technology LLC has designated as its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Seagate Technology, Seagate US LLC and Seagate Technology LLC will hereinafter be referred to collectively as "Seagate."

6. Upon information and belief, Defendant Maxtor Corporation ("Maxtor") is, and at all relevant times mentioned herein was, a Delaware corporation with its principal place of business at 920 Disc Drive, Scotts Valley, California. Maxtor makes, sells, and/or offers for sale a variety of products, including hard disk drives and components thereof for consumers in the United States including in the District of Delaware. Maxtor has designated as its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7. Upon information and belief, Defendant Western Digital Corporation is, and at all relevant times mentioned herein was, a Delaware corporation with its principal place of business at 20511 Lake Forest Drive, Lake Forest, California 92630. Western Digital Corporation makes, sells, and/or offers for sale a variety of products, including hard disk drives and components thereof for consumers in the United States including in the District of Delaware. Western Digital Corporation has designated as its registered agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

8. Upon information and belief, Defendant Western Digital Technologies Inc. is, and at all relevant times mentioned herein was, a Delaware corporation with its principal place of business at 20511 Lake Forest Drive, Lake Forest, California 92630. Western Digital Technologies Inc. makes, sells, and/or offers for sale a variety of products, including hard disk drives and components thereof for consumers in the United States including in the District of Delaware. Western Digital Technologies Inc. has designated as its registered agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Western Digital Corporation and Western Digital Technologies Inc. will hereinafter be referred to collectively as "Western Digital."

9. Upon information and belief, Defendant Samsung Electronics Co., Ltd., is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of South Korea, with its principal place of business in Seoul, South Korea. Samsung Electronics Co., Ltd. makes, sells, and/or offers for sale a variety of products, including hard disk drives, computers, and components thereof, for consumers in the United States including in the District of Delaware.

10. Upon information and belief, Defendant Samsung Electronics America, Inc. is, and at all relevant times mentioned herein was, a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung Electronics America, Inc. makes, sells, and/or offers for sale a variety of products, including hard disk drives, computers, and components thereof, for consumers in the United States including in the District of Delaware. Samsung Electronics America, Inc. has designated as its registered agent for service of process, CT Corporation System, 111 8th Avenue, New York, New York

10011.  Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. will hereinafter be referred to collectively as "Samsung."

11.  Upon information and belief, Defendant Hitachi Ltd. is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of Japan with its principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo 100-8280, Japan. Hitachi Ltd. makes, sells, and/or offers for sale a variety of products, including hard disk drives, computers, and components thereof, for consumers in the United States including in the District of Delaware.

12.  Upon information and belief, Defendant Hitachi Global Storage Technologies, Inc. is, and at all relevant times mentioned herein was, a Delaware corporation with its principal place of business at 3403 Yerba Buena Road, San Jose, California 95193. Hitachi Global Storage Technologies, Inc. makes, sells, and/or offers for sale a variety of products, including hard disk drives, computers, and components thereof, for consumers in the United States including in the District of Delaware. Hitachi Global Storage Technologies, Inc. has designated as its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

13.  Upon information and belief, Defendant Hitachi America, Ltd. is, and at all relevant times mentioned herein was, a New York corporation with its principal place of business at 2000 Sierra Point Parkway, Brisbane, California 94005. Hitachi America, Ltd. makes, sells, and/or offers for sale a variety of products, including hard disk drives, computers, and components thereof, for consumers in the United States including in the District of Delaware. Hitachi America, Ltd. has designated as its registered agent for service of process, Prentice Hall Corp. System, 14 Centre Street, Concord, New Hampshire 03331.

14. Upon information and belief, Defendant Hitachi Data Systems Corporation is, and at all relevant times mentioned herein was, a Delaware corporation with its principal place of business at 750 Central Expressway, Santa Clara, California 95050. Hitachi Data Systems Corporation makes, sells, and/or offers for sale a variety of products, including hard disk drives, computers, and components thereof, for consumers in the United States including in the District of Delaware. Hitachi Data Systems Corporation has designated as its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Hitachi, Ltd., Hitachi Global Storage Technologies, Inc., Hitachi America, Ltd., and Hitachi Data Systems Corporation will hereinafter be referred to collectively as "Hitachi."

15. Upon information and belief, Defendant Toshiba America, Inc. is, and at all relevant times mentioned herein was, a Delaware corporation with its principal place of business at 1251 Avenue of the Americas, Suite 4110, New York, New York 10020. Toshiba America, Inc. makes, sells, and/or offers for sale a variety of products, including hard disk drives, computers, and components thereof, for consumers in the United States including in the District of Delaware. Toshiba America, Inc. has designated as its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

16. Upon information and belief, Defendant Toshiba America Information Systems, Inc. is, and at all relevant times mentioned herein was, a California corporation with its principal place of business at 9740 Irvine Blvd., Irvine, California 92618. Toshiba America Information Systems, Inc. makes, sells, and/or offers for sale a variety of products, including hard disk drives, computers, and components thereof, for consumers in the United States

including in the District of Delaware. Toshiba America Information Systems, Inc. has designated as its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Toshiba America, Inc. and Toshiba America Information Systems, Inc. will hereinafter be referred to collectively as "Toshiba."

17.  Upon information and belief, Defendant ExcelStor Technology, Inc. ("ExcelStor") is, and at all relevant times mentioned herein was, a Delaware corporation with its principal place of business at 1 N. Commerce Center, 1201 Orange Street, Suite 762, Wilmington, Delaware 19801. ExcelStor Technology, Inc. makes, sells, and/or offers for sale a variety of products, including hard disk drives and components thereof, for consumers in the United States including in the District of Delaware. ExcelStor has designated as its registered agent for service of process, Chui Leung, Lui, 1500 Kansas Ave., Suite 1C, Longmont, Colorado 80501.

18.  Upon information and belief, Defendant TDK U.S.A. Corporation is, and at all relevant times mentioned herein was, a New York corporation with its principal place of business at 901 Franklin Avenue, Garden City, New York 11530. TDK U.S.A. Corporation makes, sells, and/or offers for sale a variety of products, including hard disk drive components, for consumers in the United States including in the District of Delaware. TDK U.S.A. Corporation has designated as its registered agent for service of process, United States Corporation, 1 Gulf Eastern Plaza, New York, New York 10023.

19.  Upon information and belief, Defendant TDK Corporation of America is, and at all relevant times mentioned herein was, a California corporation with its principal place of business at 901 Franklin Avenue, Garden City, New York 11530. TDK makes, sells, and/or

offers for sale a variety of products, including hard disk drive components, for consumers in the United States including in the District of Delaware. TDK has designated as its registered agent for service of process, The Prentice Hall Corp. System, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. TDK U.S.A. Corporation and TDK Corporation of America will hereinafter be referred to collectively as "TDK."

20. Upon information and belief, Defendant Headway Technology, Inc. ("Headway") is, and at all relevant times mentioned herein was, a Delaware corporation with its principal place of business at 678 South Hillview Drive, Milpitas, California 95035. Headway makes, sells, and/or offers for sale a variety of products, including hard disk drive components, for consumers in the United States including in the District of Delaware. Headway has designated as its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

21. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

22. This Court has personal jurisdiction over each of the Defendants. The Defendants have conducted and do conduct business within the State of Delaware. The Defendants, directly or through intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, and advertise (including making interactive web pages available to the public) their products in the United States and the State of Delaware. Each of the Defendants has purposefully and voluntarily placed infringing products in the stream of commerce with the knowledge and expectation that they will be purchased by consumers in the District of Delaware.

These infringing products have been and continue to be purchased and used by consumers in the District of Delaware. Each of the Defendants has separately committed patent infringement within the State of Delaware.

23. Venue is proper in the District of Delaware under 28 U.S.C. §§ 1391 and 1400(b).

**CLAIM FOR PATENT INFRINGEMENT**

24. Plaintiffs refer to and incorporate herein the allegations of Paragraphs 1-23 above.

25. United States Patent No. 5,629,922 ("the '922 Patent"), entitled "Electron Tunneling Device Using Ferromagnetic Thin Films," was duly and legally issued by the United States Patent and Trademark Office on May 13, 1997, with M.I.T. as the assignee. A copy of the '922 Patent is attached as Exhibit A.

26. United States Patent No. 5,835,314 ("the '314 Patent"), entitled "Tunnel Junction Device For Storage and Switching of Signals," was duly and legally issued by the United States Patent and Trademark Office on November 10, 1998, with M.I.T. as the assignee. A copy of the '314 Patent is attached as Exhibit B.

27. On or about October 21, 2006, M.I.T. granted MagSil an exclusive license under the Patents-in-Suit, including the right to enforce the Patents-in-Suit as herein.

28. Defendants have been and are now directly infringing, and/or indirectly infringing by inducement and/or contributing to the infringement, of the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, selling, importing, exporting, supplying and/or distributing within, to, and/or from the United States products, including, but not limited to hard disk drives and/or hard disk drive components using Tunneling

Magnetoresistive (TMR) technology, covered by at least one claim of each of the Patents-in-Suit, or inducing such use or contributing thereto, and/or importing into the United States such products made by methods that practice at least one claim of each of the Patents-in-Suit, or inducement thereof or contribution thereto, all to the injury of Plaintiffs in violation of 35 U.S.C. § 271(a), (b), (c), (f), and/or (g).

29. Plaintiffs have at all times complied with 35 U.S.C. § 287.

30. Plaintiffs have been irreparably harmed by the Defendants' acts of infringement of the Patents-in-Suit, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court. Plaintiffs have no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed upon Defendants by an injunction are less than those faced by Plaintiffs should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

31. As a result of Defendants' acts of infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

**PRAYER FOR RELIEF**

Plaintiffs pray for the following relief:

A. A judgment that Defendants have infringed the Patents-in-Suit;

B. A judgment and order that Defendants, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, be preliminarily and permanently enjoined from further infringement of the Patents-in-Suit;

C. A judgment and order that the Defendants pay Plaintiffs damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement until Defendants are enjoined from further infringing activities;

   D. An accounting of damages through verdict and thereafter until Defendants are enjoined from further infringing activities;

   E. A judgment and order requiring Defendants to pay to Plaintiffs pre-judgment and post-judgment interest on the damages awarded, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of Patents-In-Suit by Defendants to the day a damages judgment is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

   F. A judgment and order finding this to be an exceptional case and requiring Defendants to pay the costs of this action (including all disbursements), attorneys' fees as provided by 35 U.S.C. § 285, and enhanced damages under 35 U.S.C. § 284; and

   G. Such other and further relief as the Court deems just and equitable.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues triable of right by a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiffs*

*Of Counsel*:

Mike McKool, Jr.
David Sochia
MCKOOL SMITH, P.C.
300 Crescent Court
Suite 1500
Dallas, TX 75201
(214) 978-4000

Steven J. Pollinger
MCKOOL SMITH, P.C.
300 West Sixth Street
Suite 1700
Austin, TX 78701
(512) 692-8700

December 12, 2008