IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAGSIL CORP., et al. | : | CIVIL ACTION |
| v. | : | |
| SEAGATE TECHNOLOGY, et al. | : | NO. 08-940 |

MEMORANDUM

Bartle, C.J. April 30, 2009

This is a patent infringement action. Plaintiff Massachusetts Institute of Technology ("MIT") owns U.S. Patent Nos. 5,629,922 and 5,835,314, which are for technology relating to hard disk drives and Tunneling Magnetoresistive Junctions used in hard disk drives. In 2006, MIT granted plaintiff MagSil Corporation ("MagSil") an exclusive license to the two patents to commercialize the technology for public use. The sixteen defendants[1] have filed a joint motion to transfer venue from the District of Delaware to the Northern District of California in accordance with 28 U.S.C. § 1404(a). Section 1404(a) provides:

---

1. On February 18, 2009, the court dismissed two defendants, TDK USA Corp. and TDK Corp. of America, pursuant to a stipulation between those defendants and the two plaintiffs. Among the remaining sixteen defendants are: Seagate Technology, Seagate US LLC, Seagate Technology LLC, Maxtor Corp., Western Digital Corp., Western Digital Technologies Inc., Samsung Electronics Co. Ltd. Samsung Electronics America Inc., Hitachi Ltd., Hitachi Global Storage Technologies Inc., Hitachi America Ltd., Hitachi Data Systems Corporation, Toshiba America Inc., Toshiba America Information Systems, Inc., ExcelStor Technology Inc., and Headway Technology Inc.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Neither party contends that venue is improper in the District of Delaware.  See 28 U.S.C. § 1391.

The defendants have the burden to show that a change of venue is warranted.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  They must do so under the factors our Court of Appeals articulated in Jumara.[2]  In considering a motion to transfer venue, "the plaintiff's choice of venue should not be lightly disturbed."  Jumara, 55 F.3d at 879.  Plaintiffs, the patent owner and exclusive licensee, offer numerous valid reasons for their decision to file suit in the District of Delaware. First, Delaware is a more convenient forum for MIT, a not-for-profit institution of higher learning based in Massachusetts, as

---

2.  Writing for the court, the late Judge Becker listed twelve factors that we apply:  (1) "plaintiff's forum preference as manifested in the original choice," (2) "the defendant's preference," (3) "whether the claim arose elsewhere," (4) "the convenience of the parties as indicated by their relative physical and financial condition," (5) "the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora," (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)," (7) "the enforceability of the judgment," (8) "practical considerations that could make the trial easy, expeditious, or inexpensive," (9) "the relative administrative difficulty in the two fora resulting from court congestion," (10) "the local interest in deciding local controversies at home," (11) "the public policies of the fora," and (12) "the familiarity of the trial judge with the applicable state law in diversity cases."  Jumara, 55 F.3d at 879-80.

well as for certain of the inventors.  While MagSil is incorporated and headquartered in California, its two employees who have knowledge related to this action are willing to travel to Delaware.  Kamdar Decl. ¶¶ 3, 8.

The defendants have presented no persuasive evidence that holding the trial in the Northern District of California would make it easier or less expensive.  Furthermore, the undersigned perceives no reason why the case cannot proceed as expeditiously before this court as it could in the Northern District of California.  Significantly, ten of the sixteen defendants are incorporated in Delaware and the products at issue were available for purchase there.

The defendants argue strenuously for transfer based on "convenience."  However, simple convenience is insufficient.  Convenience is relevant only as it relates to the defendants' physical and financial condition and/or to the extent that witnesses or records would be unavailable or unable to be produced in the plaintiffs' chosen forum.  Jumara, 55 F.3d at 879.  The defendants are large national and international corporations, several generating billions of dollars of annual revenue, and will not suffer meaningful financial hardship if required to litigate in Delaware.  Indeed, in recent years several of the defendants have brought their own patent infringement lawsuits in the District of Delaware against

companies incorporated there.[3]  Moreover, the defendants have made no showing that key witnesses and/or documents would be unavailable in Delaware.[4]  As the Supreme Court has written, "There is nothing ... in the language or policy of § 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, was a proper venue."  Van Dusen v. Barrack, 376 U.S. 612, 633-34 (1964).

Finally, we emphasize that this is a patent infringement case, which is governed by federal law.  Therefore, California does not have a "distinct public interest" over Delaware nor will any special public policy be affected by having the case tried here.  Jumara, 55 F.3d at 882.  Likewise, federal courts in Delaware and California have an equal ability to enforce their judgments.

Having considered all relevant factors, we conclude that the defendants have not met their burden to justify a transfer of venue under § 1404(a).  Accordingly, we will deny the

---

3.  To name a few, Samsung Electronics Co., Ltd. v. Petters Group Worldwide, LLC, Civ. A. No. 08-348 (2008); Hitachi, Ltd. v. Borgwarner Inc., Civ. A. No. 05-048 (2005); Seagate Technology LLC v. Cornice Inc., Civ. A. No. 04-418 (2004); and Toshiba Corp. v. Juniper Networks, Civ. A. No. 03-1035 (2003).

4.  Although the burden to justify transfer lies with the defendants, the plaintiffs have filed declarations from several key witnesses located on the East Coast who state that while they would travel to Delaware for a trial, they are unlikely to voluntarily travel to California to testify.

joint motion of the defendants to transfer this action to the Northern District of California.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MAGSIL CORP., et al.          :        CIVIL ACTION
                              :
         v.                   :
                              :
SEAGATE TECHNOLOGY, et al.    :        NO. 08-940

ORDER

AND NOW, this 30th day of April, 2009, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the joint motion of the defendants to transfer venue (Doc. #85) pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of California is DENIED.

BY THE COURT:

/s/ Harvey Bartle III
HARVEY BARTLE III      C.J.
SITTING BY DESIGNATION