```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

MAGSIL CORP., et al.            :        CIVIL ACTION
                                :
          v.                    :
                                :
SEAGATE TECHNOLOGY, et al.      :        NO. 08-940
```

MEMORANDUM

Bartle, C.J.                                           July 7, 2010

Before the court is the motion of defendants Hitachi Global Storage Technologies, Inc., Hitachi Data Systems Corporation, Hitachi America, Ltd., and Shenzhen ExcelStor Technology, Ltd. ("Hitachi") in this patent infringement action for leave to amend their affirmative defenses to include the defense of inequitable conduct and to amend their counterclaims to include a counterclaim for the same.

This action was filed by plaintiffs MagSil Corporation and Massachusetts Institute of Technology on December 12, 2008, involving U.S. Patent No. 5,629,922 (the "'922 patent"), entitled "Electron Tunneling Device Using Ferromagnetic Thin Films."  The court entered its first Scheduling Order on May 28, 2009.  The order provided that production of all documents was to be substantially completed by July 30, 2009.  The court also set forth the number of hours to be allowed for depositions as well as the number of interrogatories and requests for admission.  On

February 4, 2010, the court held a <u>Markman</u> hearing on claim construction and, on March 1, 2010, entered a Memorandum and Order construing the disputed claim terms.

On March 8, 2010, a second Scheduling Order was entered after a telephone conference with counsel.  The court ordered all fact discovery to conclude on June 30, 2010.  The Order set a September 15, 2010 deadline for expert reports, an October 29, 2010 deadline for expert depositions, and a November 19, 2010 deadline for any motions for summary judgment.  The case is to be placed in the trial pool on April 1, 2011.  The pending motion was filed on May 27, 2010, only 34 days before the June 30, 2010 fact discovery deadline.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires."  The decision to grant leave to amend is within the discretion of the trial court, and leave may be denied when the court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

Although mere delay is an insufficient ground to deny leave to amend, if such delay becomes "undue," that is, if it places an unwarranted burden on the court, an unfair burden on the non-moving party, or if the movant has unreasonably failed to amend sooner, a motion for leave to amend may be denied. Cureton v. N.C.A.A., 252 F.3d 267, 273 (3d Cir. 2001); Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008). To allow defendants leave to amend at this late date, after more than a year of litigation and at a time just prior to the completion of fact discovery, would force the court to extend the scheduled deadlines for a significant period not only with regard to fact discovery, but also for expert reports, expert depositions, summary judgment, and trial.[1]

Were defendants permitted to add both an affirmative defense and a counterclaim for inequitable conduct at this eleventh hour, plaintiffs would likely be required to conduct additional discovery, undertake additional investigation and research, obtain an additional expert, and develop new legal strategies in an effort to defend themselves against the charge that they intentionally defrauded the United States Patent Office. As our Court of Appeals recognized in Cureton, a motion

---

1. The fact that granting defendants' motion would force the court to revise the Scheduling Order of March 8, 2010 also implicates Rule 16 of the Federal Rules of Civil Procedure, which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

for leave to amend under Rule 15(a) may be denied when, as here, "allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." Cureton, 252 F.3d at 273.  We find that the amount of additional effort which would be required here to defend against the charge of inequitable conduct, especially at such a late stage of this already complex litigation, would cause plaintiffs to suffer "substantial and undue prejudice." Cureton, 252 F.3d at 273; see also Inline Connection Corp. v. AOL Time Warner, Inc., 237 F.R.D. 361, 370 (D. Del. 2006).

      Defendants argue that their delay in requesting leave to amend is warranted because the factual basis for their newly asserted affirmative defense and counterclaim of inequitable conduct was not fully developed until May 13, 2010 when they deposed Dr. Jagadeesh Moodera, one of the named inventors of the '922 patent.  Defendants' decision to wait until little more than one month before the close of fact discovery to depose such a major witness is not an adequate justification for subjecting plaintiffs to the undue delay and prejudice which would result from our granting their motion to amend.  Significantly, the allegedly undisclosed prior-art references on which defendants base their theory of inequitable conduct were known to them as early as June and September of 2009.

Accordingly, we will deny the joint Motion of defendants Hitachi Global Storage Technologies, Inc., Hitachi Data Systems Corporation, Hitachi America, Ltd., and Shenzhen ExcelStor Technology, Ltd. for leave to amend their affirmative defenses and counterclaims to assert inequitable conduct.